UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MIRAMONTES LOPEZ,<br><br>         Plaintiff,<br><br>    v.<br><br>DOE DEFENDANTS,<br><br>         Defendants. | CASE No. 1:13-cv-00358-DLB (PC)<br><br>FIRST SCREENING ORDER, DISMISSING PLAINTIFF'S COMPLAINT, WITH LEAVE TO AMEND<br><br>(ECF No. 20)<br><br>THIRTY-DAY DEADLINE |

**I.   Background**

Plaintiff Omar Miramontes Lopez ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff filed his original complaint on August 26, 2010, in the Central District of California, and is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. On March 1, 2013, Plaintiff filed a First Amended Complaint. (ECF No. 20.) On March 13, 2013, this action was transferred to the Eastern District of California. (ECF No. 23.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1),(2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff was incarcerated at Madera County Department of Corrections ("MCDC") in Madera, California, where the events giving rise to this action occurred. Plaintiff names John Doe 1 (Head of MCDC), John Doe 2 (kitchen staff supervisor), John Doe 3 (physician), John Doe 4 (custody officer), and John Doe 5 (sergeant) as defendants in this action.

Plaintiff alleges the following. During the time period of June 23, 2007 to September 23, 2007, Plaintiff was served "bad/rotten" food at MCDC that made him sick. John Doe 1 acted as the head of MCDC during this time. On August 1, 2007, Plaintiff began experiencing eye pain and vision impairment in his right eye. Plaintiff submitted several medical request forms before John Doe 2 examined him on August 4, 2007. John Doe 2 failed to consider Plaintiff's pain or his symptoms. He only looked at Plaintiff's eye, diagnosed his condition as pink eye, and prescribed Nepolen eye drops to use as needed.

A short time after meeting with John Doe 2, Plaintiff submitted several other medical requests to be seen by an eye doctor because the eye drops were not working and Plaintiff's eye problems were noticeably worse. On August 7, 2007, Plaintiff saw John Doe 2 for a second visit. John Doe 2 advised Plaintiff to continue using the eye drops and that his problems would eventually subside. Plaintiff followed John Doe 2's advice, however, his eye problems continued to worsen, including "apparent flashes and flutters in the middle and around my right eye with extreme discomfort."

Next, Plaintiff complained to John Does 3 and 4 about his eye problems and that John Doe 2's treatment was not working. John Does 3 and 4 told Plaintiff that there did not seem to be any emergency situation with is eye problem that required a specialist, and then directed Plaintiff back to John Doe 2. On August 10, 2007, John Doe 2 saw Plaintiff a third time, advised him that he

needed eye glasses, and supposedly scheduled an appointment with an optometrist. Plaintiff waited several weeks without seeing an optometrist. Plaintiff contacted his family, attorney, and the Madera County Superior Court about his medical problems, but MCDC assured them that the situation was being taken care of.

On September 23, 2007, Plaintiff accepted a plea bargain for probation and was released from custody. He immediately obtained proper eye care from an optometrist, and was diagnosed with a condition called Toxoplasmosis, which causes inflammation, and occurs as a result of eating bad/raw foods. He received steroid injections and was scheduled for eye surgery to prevent further damage.

Plaintiff was scheduled for surgery on June 15, 2008, however, at that time he was again incarcerated at MCDC. Plaintiff notified MCDC custody and medical staff of his scheduled surgery, but he was told that he needed to reschedule the surgery. MCDC staff again subjected Plaintiff to bad/rotten foods and ignored his requests for medical attention. On October 18, 2008, Plaintiff finally received eye surgery. However, because of the prior delay, improper treatment, and mistaken diagnosis, the surgery did not repair the permanent damage in Plaintiff's eye.

Plaintiff asserts violations of the Eighth Amendment the Equal Protection Clause of the Fifth and Fourteenth Amendments. Plaintiff requests compensatory damages as relief.

**III.    Analysis**

A.    Eighth Amendment—Conditions and Confinement

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). "[W]hile conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the wanton and unnecessary infliction of pain.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue. . . ." *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995 (1992). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment]

conditions-of-confinement claim." *Hudson*, 503 U.S. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* (quotations and citations omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious. . . ." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994) (citing *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety. . . ." *Farmer*, 511 U.S. at 837. Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. *Id.* at 837-45. Prison officials may avoid liability by presenting evidence that they lacked knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. *Id.* at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Here, the Court finds that Plaintiff fails to state a conditions and confinement claim, in violation of the Eight Amendment, regarding his allegations of receiving bad/rotten food. Prisoners are entitled to receive food that is adequate to maintain health, however, the Eighth Amendment does not require be tasty or aesthetically pleasing. *LeMaire v. Maass,* 12 F.3d 1444, 1456 (9th Cir. 1993). Although serving bad/rotten food meets the objective prong of the Eighth Amendment, Plaintiff fails to plead any facts showing that any defendants were knew of and

disregarded the risk to Plaintiff's health. *Farmer*, 511 U.S. at 837. The fact that Doe Defendant 1 was head of MCDC at the time of the incident is insufficient to meet the subjective element for deliberate indifference. Accordingly, Plaintiff fails to state a conditions and confinement claim under the Eighth Amendment.

   B.  <u>Eighth Amendment—Medical Deliberate Indifference</u>

Plaintiff raises claims under Section 1983 for violation of the Eighth Amendment's prohibition against cruel and unusual punishments. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Id.* The failure to respond to a prisoner's complaints of pain can be sufficient to support an Eighth Amendment claim. *Snow v. McDaniel*, 681 F.3d 978, 990 (9th Cir. 2012); *Clement v. Gomez*, 298

F.3d 898, 904 (9th Cir. 2002). However, deliberate indifference must be shown and it is a high legal standard. *Toguchi*, 391 F.3d at 1060 (quotation marks omitted). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. Cnty. of Washoe, Nev.*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Here, Plaintiff fails to state a claim for medical deliberate indifference against any defendants. Doe Defendant 2 treated Plaintiff for his eye problems three separate times over the course of a week, diagnosed the problem, and prescribed medication. Although Plaintiff alleges that he incorrectly diagnosed the problem, which caused him permanent injury, medical malpractice does not become a constitutional violation merely because the victim is a prisoner. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). As to Doe Defendants 3 and 4, Plaintiff fails to plead facts of deliberate indifference. Doe Defendants 3 and 4, custody officer, directed Plaintiff's requests to the staff physician, Doe Defendant 2. Accordingly, Plaintiff fails to state any claims for medical deliberate indifference to support an Eighth Amendment claim.

C. <u>State Law Claims—Medical Malpractice</u>

California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. *State v. Superior Court of Kings Cnty. (Bodde)*, 32 Cal. 4th 1234, 1245 (2004); *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Tort Claims Act. *State v. Superior Court*, 32 Cal.4th at 1245; *Mangold*, 67 F.3d at 1477; *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir.

1988).

Plaintiff has not alleged compliance with the Tort Claims Act and therefore fails to state a claim for medical malpractice against any defendants.

D.     Supervisory Liability

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; *Simmons*, 609 F.3d at 1020-21; Ewing, 588 F.3d at 1235; *Jones*, 297 F.3d at 934, and as administrators, Defendants may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to Defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy, may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. Cnty. of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Doe Defendant 5 was not present for any of the incidents Plaintiff alleges. Plaintiff's complaint lists Doe Defendant 5's involvement only as being responsible as a Sergeant for the conduct of the custody officers. Plaintiff has failed to allege that Doe Defendant 5 participated, directed, or knew of the violations and failed to act to prevent them. Accordingly, Plaintiff has not stated any claims against Doe Defendant 5.

///

///

7

**IV.  Conclusion and Order**

Plaintiff's Complaint fails to state any cognizable federal claims against any Defendants. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is further advised that the Court cannot direct the United States Marshal to effect service of process for any cognizable claims in an amended complaint until Plaintiff is able to provide the identity of at least one defendant.

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *See Iqbal*, 556 U.S. at 678. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) overruled in part on other grounds, *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

3. Plaintiff may not add any new, unrelated claims to this action via the first amended complaint and any attempt to do so may result in an order striking the first amended complaint; and

///

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 21, 2013**     /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE