# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMAR MIRAMONTES LOPEZ,<br><br>          Plaintiff,<br><br>     v.<br><br>MADERA COUNTY DEPARTMENT OF CORRECTIONS, et al.,<br><br>          Defendants. | Case No. 1:13-cv-00358 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 34] |

Plaintiff Omar Miramontez Lopez ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 26, 2010. On January 6, 2014, Plaintiff filed an unsigned Second Amended Complaint. On March 11, 2015, the Court struck the Second Amended Complaint and granted Plaintiff thirty (30) days to file a signed amended complaint. Plaintiff was cautioned that failure to file an amended complaint would result in dismissal of the action for failure to obey a court order. More than thirty days passed and Plaintiff failed to comply or otherwise respond to the Court's order. Accordingly, the complaint was dismissed on April 22, 2015.

On May 1, 2015, Plaintiff filed the instant motion for reconsideration.

## DISCUSSION

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could

not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order dismissing the action because of mental illness. In support of his claim, Plaintiff submits as exhibits Patient Discharge Instructions from Kaweah Delta Hospital. It appears from the exhibits that Plaintiff was admitted to Kaweah Delta Hospital on February 20, 2015, and discharged on February 23, 2015. It also appears Plaintiff was given several prescriptions for medication. Beyond this, however, there is no showing of good cause for reconsideration. Based on the above, Plaintiff was admitted and discharged for a four-day period in February. This has no relevance to the Court's order of March 11, 2015, wherein Plaintiff was directed to file an amended complaint within thirty days. Plaintiff fails to demonstrate any

extraordinary circumstances sufficient to justify reconsideration.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:  **May 14, 2015**                                    /s/ *Dennis L. Beck*
                                                                                  UNITED STATES MAGISTRATE JUDGE